IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. No. 02-020T
:
RAFAEL DE LOS SANTOS :

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)

Introduction

The defendant, Rafael De Los Santos (Defendant ), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Defendant's motion is grounded upon 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 as of March 3, 2008.

Following an investigation by the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), and the Rhode Island State Police (RISP), the Defendant was arrested on October 9, 2001. On January 23, 2002, a Federal Grand Jury returned a three count indictment charging him with distribution of over 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count I); distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count II); and possession with intent to distribute 98.98 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count III). The prosecution

involved 197.88 grams of cocaine base in the form of crack cocaine and 99.2 grams of heroin. The Defendant entered a guilty plea to all counts on March 5, 2002.

The Presentence Investigation Report (PSR) based the guidelines calculations on 198.88 grams of crack and 99.2 grams of heroin. Those quantities yielded a Base Offense Level of 34. The Defendant received a downward adjustment of three levels for acceptance of responsibility, resulting in a Total Offense Level of 31. The Defendant had a prior conviction for possession of a controlled substance and was on probation at the time of the commission of the federal offenses. His Criminal History points totaled three, yielding a Criminal History Category II.

His guideline range was 121-151 months imprisonment. The PSR at ¶ 46 noted that the statutory penalty was a mandatory minimum of 10 years and a maximum of life imprisonment on Counts I and III. The Defendant was sentenced on June 17, 2002 to the minimum under the guideline range - 121 months imprisonment - and five years supervised release. The 121-month term was only one month above the mandatory minimum term of imprisonment dictated by 21 U.S.C. § 841(b)(1)(A). At present, his projected release date by the Bureau of Prisons is November 29, 2010.

In his motion, the Defendant argues that he is entitled to a two-level downward adjustment under the crack cocaine amendments; that his new guideline range is effectively 120-121 months imprisonment; and that the Court should downwardly depart from this range on the basis of Safety Valve eligibility and the restrictions placed upon him due to his status as a deportable alien. He does not specify the extent of the departure.

Argument

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They became effective March 3, 2008. Section 1B1.10 states, in part:

(a) Authority. -

(1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment. -

(1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. -

(A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

Application Note 1(A) of U.S.S.G. § 1B1.10 states:

> Eligibility. - Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

Applying the crack cocaine amendments to the Defendant, 198.88 grams of crack and 99.2 grams of heroin converts to 4,076.8 kilograms of marijuana, yielding a Base Offense Level of 34. With the adjustment of three levels for acceptance of responsibility and an additional two-level decrease pursuant to U.S.S.G. § 2D1.1 comment. n. 10(D)(i), the guideline range is 97-121 months imprisonment. Due to the statutory ten-year mandatory minimum term of imprisonment, the effective guideline range is 120-121 months imprisonment.

The Court retains its discretion as to whether a reduction should be allowed. That discretion is found within the words of § 3582(c)(2) which states that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). Several Circuits agree that the Court acts within its discretion in deciding a motion for reduction of sentence made pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

In the exercise of that discretion, the Court engages in a two-step process. First, the Court substitutes the amended guideline range for the original guideline range and determines what sentence it would have imposed. In doing so, all other original guidelines decisions remain intact. Second, the Court considers the 18 U.S.C. § 3553(a) factors and determines whether or not to grant the reduction. Vautier, 144 F.3d at 760.

Pursuant to subsections (i), (ii) and (iii) to Application Note 1(B) to U.S.S.G. § 1B1.10, the Court may consider all pertinent information in applying the § 3553(a) factors and

determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations (subsection (ii)), and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative (subsection (iii)). Subsections (i), (ii) and (iii) all state, however, that these factors are relevant in determining whether and by how much to reduce a sentence *only* within the limits set forth in U.S.S.G. § 1B1.10(b).

It is that section, U.S.S.G. § 1B1.10(b), which sets the floor for any reduction in sentence. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in § 1B1.10(b)(2) that, with one exception,[1] "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement *to a term that is less than the minimum of the amended guideline range determined under subdivision (1).*" U.S.S.G. § 1B1.10(b)(2)(A). (emphasis added). Application Note 3 to § 1B1.10 confirms the point:

> Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range

[1] The exception, not applicable here, is set forth in § 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was *less* than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate." (emphasis added). Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

> applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1).[2]

Accordingly, if this Court decides to reduce the defendant's sentence, the extent of the reduction is strictly limited -- here, because the sole exception does not apply, to the low-end of the new guideline range.

As noted above, the Defendant's original guideline range was 121-151 months imprisonment. Applying the amendments, the new range would be 120-121 months. The Court has discretion to reduce the sentence from 121 months, but not below 120 months, the low end of the new guideline range and the statutory mandatory minimum sentence. Various courts agree that the retroactive crack cocaine amendment does not authorize a sentencing court to reduce the defendant's sentence below the statutory mandatory minimum term of imprisonment. See e.g., United States v. Jones, 523 F.3d 881 (8th Cir. 2008) (defendant who was sentenced to statutory minimum term of imprisonment not entitled to a reduction in sentence under the crack cocaine guideline amendment); United States v. Adrow, 2008 WL 2369640 (8th Cir., June 12, 2008) (same); United States v. Hawkins, 2008 WL 2774400 (M.D.La., July 15, 2008) (same); United States v. Wingo, 2008 WL 2357743 (E.D.Mich., June 10, 2008) (same); United States v.

---

[2] Application Note 3 to Section 1B1.10 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

Campbell, 2008 WL 1957773 (E.D.N.Y., May 5, 2008) (same); United States v. Candelario, 2008 WL 1944698 (S.D.N.Y., April 28, 2008) (same). See also U.S.S.G. § 5G1.1(c)(2).

The Defendant's Safety Valve and deportability arguments do not change this result. The Defendant is simply not safety valve eligible. He had three criminal history points - PSR ¶ 27 - resulting in a Criminal History Category II. One of the safety valve factors is that the defendant must have no more than one criminal history point. U.S.S.G. § 5C1.2(a)(1); 18 U.S.C. § 3553(f)(1). The Defendant's three points disqualify him from consideration. Further, even assuming that a defendant's deportable status could be considered grounds for a downward departure or downward variance, such a factor would still not permit the Court to impose a sentence below the statutory mandatory minimum term of imprisonment.

In sum, despite the information contained within the Probation Officer's Memorandum that the Defendant possessed a dangerous weapon on January 24, 2004, the government does not object to a reduction in sentence from 121 months imprisonment to 120 months imprisonment. The government requests that all other sentencing terms remain in effect.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATION

I hereby certify that on the 28th day of July 2008, I electronically filed and served by ordinary, pre-paid postage, mail the Within Government's Response To Defendant's Motion For Reduction Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2), to:

Rafael De Los Santos
Reg. No. 05142-070
McRae Correctional Facility
P.O. Drawer #30
McRae, Georgia 31055

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov